TRUSTEES OF INDIAN SPRINGS PUBLIC SCHOOL *v.* CARTER
ET AL.

[86 South. 289.  No. 21141.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Trustees may sue; trespasser ab initio, who tears lumber from abandoned schoolhouse.*
   A trespasser *ab initio*, who tears away lumber from a schoolhouse, can be sued by trustees of the school, although the sschoolhouse has been abandoned and a new schoolhouse erected elsewhere.

2. TRESPASS.  *Trespasser may not question title of occupant under color of title.*

   Title to land on which the house was erected may not be questioned by a trespasser, where the plaintiff suing was in possession of the house, and had erected the house under color of title.

APPEAL from circuit court of Perry county.

HON. R. S. HALL, Judge.

Action in justice court by the Trustees of Indian Springs Public School against Levi Carter and another. From a judgment of the circuit court for defendants on appeal, plaintiffs appeal. Reversed, and remanded to assess the damages.

*A. T. L. Watkins,* for appellant.

The defendant's attorney was given and read to the jury the following instruction:  "The court instructs the jury for defendant, that the plaintiff having failed to prove title to the property, or that defendant removed it, and the jury must find for defendant," see page 46 of record; it is unanswerable that the jury were misled by the reading of the instruction or arbitrarily disregarded the plaintiff's evidence, defendant not offering any evidence or plea, except not guilty and the alteration of the instruction did not cure the error for the latter clause of the instruction as modified, still reads, and the jury must find for the defendants which is in effect a peremptory instruction and if the jury read it, must have understood it as a peremptory instruction, or at least an instruction on the weight of the evidence, page 44 record.  Authorities are too numerous to need citing that the court cannot instruct on the weight of the evidenie.

The court erred in not striking defendant's special plea *"nul tiel* record," as a mere tort-feasor, cannot attack collaterally the organization of a public school, it was incumbent on them, to show title in themselves or some other person, to defeat the action of trespass; see *Ingram Day Lumber Co.* v. *Cuevas,* 61 So. 4, and citation, especially

*Carpenter* v. *Savage*, 93 Miss. 233, "we do not hold that the defendant might not have successfully resisted by showing a perfect title in himself or outstanding, this he did not do nor propose to do." If these defendants had confession or avoidance under our statute they would have been compelled to plead it, the plaintiff having established "that it was in possession under color of title, claiming as owner" and this was enough to sustain the action, and a consolidated school is also a public school, which is defined to be a school run at the expense of the public. See 35 Miss. 231, 72 Am. St. 122, 38 Cyc., page 1017, general rules. The word "land" does not appear in section 4987 of Code 1906, any building not his own "shall be liable for all damages." See section 4622, damages to school property; se ction 750, confession and avoidance must be pleaded and proven.

In 45 Miss. page 71, constructive possession of a school house is presumed, unless occupied adversely, as well the right of possession and color of title by building or constructing same, so if defendants had any claim of reversion or any right, they would have been compelled to plead it and put plaintiff on notice of the nature of their claim or right, if any.

That a school might own a house and not the land, is too obvious for discussion. Extine was convicted of the larceny of a house in the circuit court of Perry county. See 68 So. page 252, it was affirmed on May 3, 1915, No. 17985, without a written opinion; his attorney urged strenuously in both the circuit court and supreme court that only a trespass could have been committed as J. J. Newman Lumber Company owned the land, but the proof showed that Martin and Howard owned the house, and it is common knowledge that schools own numerous houses and do not own the land, and whether or not they have abandoned it is peculiarly in their discretion and not by conjecture, or some whim as to when they should abandon it. In this case the patrons had met at the house one week before for the purpose of tearing it down and removing it to a new site and building an addition to the new

house; and as before stated if defendants had a claim to the house, by any sort of claim, either reversion or any other claim, it was their bounded duty to plead it and put the school on notice, that it might meet the issue and an adjudication might be fully had as to their rights, and not attempt to cover it up until trial.

We think the judgment should be reversed and judgment for plaintiff, for the approximate value of the property as shown by the evidence, it being uncontradicted.

No brief of counsel for appellee found in record.

Sam. C. Cook, P. J., delivered the opinion of the court.

This case has traveled over much ground before reaching this court. Its first public appearance was staged in the court of a justice of the peace. It found its way to the circuit court, and after looking it over the learned judge passed it to the chancery court. The chancellor, having other matters of importance on his hands, decided that the circuit judge was a bit premature in his action, and passed it back to the circuit court.

The record shows that this case was an action of trespass instituted by the trustees of the public school against the appellees. It seems that one F. D. Hathorn, in 1893, who was then the owner of the land figuring in this lawsuit, executed a deed conveying "one acre of land in about the center of section 19, township 4 N., range 11 W.," described as:

"Beginning at the one-half mile post on the north boundary of said section, then running south six hundred and sixty yards, thence east seventy yards, thence south seventy yards, thence west seventy yards, thence north seventy yards to the point of beginning; the north half of said acre is to be used for school purposes, and the south half to be used for Baptist Church purposes."

It is shown that the school lot was surveyed and its boundaries defined. A schoolhouse was erected on this lot, and for a number of years a school was conducted

therein.  Subsequently a consolidated school district was organized, and the acre of land upon which the schoolhouse was located became a part of the district.  It is the contention of the appellees that, when the consolidated school district was organized, a public schoolhouse was erected about three-quarters of a mile from the original schoolhouse, and, inasmuch as they were the owners of all the land surrounding the old site and the schoolhouse being abandoned, that this one acre reverted to them.  At any rate, they contend that the trustees of the consolidated school district did not have any rights in the premises.

Now for the alleged trespass.  It seems that the appellees went upon the school premises and tore down a part of the building, and converted the lumber to their own use.  The record demonstrates that the land upon which the schoolhouse was located was especially excepted from the deed made to the appellees, and it seems quite clear that they were trespassers *ab initio*.

The only other question to be decided is the right of the trustees to institute this suit.  It is manifest that the land in question was dedicated to school purposes and was expressly excepted from the deed to the appellees.  When the new schoolhouse was erected, the desks, blackboards, and other movables were taken to the new schoolhouse, and we believe that the old schoolhouse belonged to the then public school.  The original deed to the land set it apart for use as a public school, and when the site of the school was changed the old schoolhouse may be moved to the new location, and thus carry out the purpose of the grantor.  The appellees have no right, title, or interest in the house or the land, and when they took away the lumber of the old schoolhouse they were tort-feasors.

Reversed, and remanded to assess the damages.

*Reversed and remanded.*