## PARKS et al. v. CARRIERE CONSOL. SCHOOL DIST.

(Circuit Court of Appeals, Fifth Circuit.
March 6, 1926.)

No. 4600.

**1. Appeal and error ☞185(1)—Defendant's objection that federal District Court has no jurisdiction of suit removed from state court is not too late, because raised for first time in Circuit Court of Appeals.**

Defendant's objection that federal District Court has no jurisdiction as federal court to try case removed from state court, if well taken, is not too late because raised for first time in Circuit Court of Appeals.

**2. Removal of causes ☞41.**

Action in state court by the state against citizens of other states is not removable to federal District Court for diversity of citizenship.

**3. Removal of causes ☞26—Whether action by state school district is removable is not to be tested by its immunity from suit, but by its capacity to sue (Hemingway's Code Miss. §§ 3999–4006).**

Whether action by state school district, organized under Hemingway's Code Miss. §§ 3999–4006, is removable to federal court, is not to be tested by incapacity of district to be sued, but by its capacity to sue.

**4. Removal of causes ☞26—School district, authorized to contract and to sue in its own name, is body corporate or quasi corporate, and citizen of state, within Removal Act, notwithstanding its immunity from suit (Hemingway's Code Miss. §§ 3999–4006).**

School district organized under Hemingway's Code Miss. §§ 3999–4006, which, as construed by state courts, give it authority to contract and sue in its own name, is a body corporate, or quasi corporate, and as such a citizen of the state, within Removal Act, and it is not a mere bureau or department of state government, notwithstanding its immunity from suit and fact that it is but a political subdivision of state.

**5. Removal of causes ☞41—That state is to be beneficiary of recovery in action by school district does not make it party to record, so as to prevent removal to federal court.**

That state is to be beneficiary of recovery in action by school district against citizens of other states does not make it party to record, so as to prevent removal of action to federal court for diversity of citizenship.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by the Carriere Consolidated School District against H. T. Parks and another, removed to the federal District Court by defendants. Judgment for plaintiff, and defendants bring error. Affirmed.

Carl Marshall, of Bay St. Louis, Miss., J. H. Mize, of Gulfport, Miss., and J. Zach Spearing, of New Orleans, La., for plaintiffs in error.

Wm. A. Shipman, of Ellisville, Miss., for defendant in error.

Before WALKER and FOSTER, Circuit Judges, and GRUBB, Distict Judge.

GRUBB, District Judge. This was an action brought in the state court by the defendant in error, as plaintiff, against the plaintiffs in error, as defendants, and removed by them to the District Court of the United States for the Southern District of Mississippi. In that court it resulted in a trial and verdict for the plaintiff in the amount of $6,535.99, on which judgment was entered, and from which this writ of error has been sued out.

[1] The only error now relied upon by the plaintiffs in error is the claimed want of jurisdiction of the District Court, as a federal court, to try the case. No point on this want of jurisdiction was made in the District Court. However, if the point is well taken, it does not come too late here, and this court is bound to consider it, as it relates to a want of jurisdiction of the subject-matter. The jurisdiction was based on diversity of citizenship, and the jurisdictional amount was present. One of the defendants, Parks, was a citizen of Louisiana, and the other defendant was a citizen of Maryland. In the declaration the plaintiff was alleged to be "the Carriere consolidated school district, a regularly and lawfully constituted consolidated school district, and in the county of Pearl River, state of Mississippi, represented and acting herein by and through its duly elected, qualified, and acting trustees, F. S. Lumpkin, Lonnie L. Watkins, and R. H. Miller, duly empowered to contract and be contracted with, to sue and be sued, within the purview of the statute in such cases made and provided." The Carriere consolidated school district was a school district organized under the laws of Mississippi. Hemingway's Code of Mississippi, §§ 3999–4006. The trustees were all citizens of the state of Mississippi. If the plaintiff or plaintiffs (as the case may be) were citizens of Mississippi, then jurisdiction in the federal court existed. If the trustees are to be considered the plaintiffs of record, jurisdiction existed.

[2] The contention of the plaintiffs in error is that the school district, which is claimed to have been identical with the state, was the plaintiff, and that the state cannot be a citizen of a state, within the meaning of the Removal Act. Comp. St. § 1010. If the state, as distinguished from the school dis-

trict or from its trustees, is to be considered the plaintiff, then jurisdiction would fail. Arkansas v. Kansas & T. Coal Co., 22 S. Ct. 47, 183 U. S. 185, 46 L. Ed. 144. If the school district, as distinguished from the state, was the plaintiff, then jurisdiction would be established, for the school district would in that event be a political corporation or quasi corporation organized under the laws of Mississippi, and so a citizen of that state.

[3] It is true that the Supreme Court of Mississippi has construed the sections of the Mississippi Code which create school districts as conferring upon them the same immunity from suit as the state has. Nabors v. Smith, 100 So. 177, 135 Miss. 608. However, the question of jurisdiction is to be tested, not by the incapacity of the school district to be sued, but by its capacity to sue. In the instant case, its position on the record is that of plaintiff, and not defendant. The Supreme Court of Mississippi has also construed the same sections of the Mississippi Code as conferring on school districts the capacity to contract and to sue to enforce their contract in their own names or in the names of their trustees, and they are not required to sue to enforce their contracts in the name of the state. Trustees of Indian Springs Public School v. Carter, 86 So. 289, 123 Miss. 457; Peets et al. v. Martin et al., 101 So. 78, 135 Miss. 720.

[4] If a school district is authorized by the legislation creating it, as construed by the courts, to contract and sue in its own name, then it is a body corporate, or a quasi corporate body, and as such a citizen of the state under which it is organized, within the purview of the Removal Act. This is true, though it may also be protected from suit by statute or court decision. A mere bureau or department of a state government cannot sue in its own name, or be a plaintiff. Conferring on a school district capacity to contract and sue in its own name, of itself, makes of it more than a mere governmental bureau. The authority to institute suits in its own name subjects it to the burdens of a suitor, including those arising under the Removal Act. Suits can be maintained only by legal entities—persons, corporations, or quasi corporations. The legislation that is sufficient to empower a school district to sue in its own name makes of it a legal entity, and a citizen within the meaning of the Removal Act. In this case the state of Mississippi is not a party plaintiff on the record.

[5] The plaintiff is the school district or the trustees. Although it be true that the state

is to be the beneficiary of the recovery, this does not make it a party to the record, any more than the fact that a recovery in a suit by a personal representative goes to the distributees of the intestate prevents the personal representative from being the party plaintiff to the record for removal purposes. Although the school district is but a political subdivision of the state, this is also true of a county or municipality, and it does not prevent them from being considered citizens of the state of their organization for removal purposes. Pearl River County v. Wyatt Lumber Co. and Pearl River County v. Edward Hines Lumber Co. (C. C. A.) 270 F. 26. No inference from the holding of the Mississippi Supreme Court, to the effect that school districts are exempt from being sued, as is the state, that they can only sue through and in the name of the state, can be indulged in view of the subsequent holding of the same court that school districts can maintain suits in their own name to enforce their own contracts.

We think the case was properly removed to the District Court of the United States, and that the District Court acquired jurisdiction of it by the removal proceedings, and that the judgment of the District Court should be affirmed.