**Roy L. STEWART, Plaintiff,**

v.

**Lloyd S. JONES and Katherine Miller, Defendants.**

**Civil Action No. 3:93–CV–816WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 28, 1996.

Roy L. Stewart, Leakesville, MS, pro se.

Tommie S. Cardin, Crosthwait & Terney, Jackson, MS, for defendants.

### ORDER

WINGATE, District Judge.

Before the court is the motion of the plaintiff to set aside and vacate judgment in the above styled and numbered cause pursuant to Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure which provide in pertinent part that:

[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Rule 60(b), Federal Rules of Civil Procedure.

The plaintiff Roy L. Stewart filed his complaint on December 23, 1993. The defendants answered and subsequently served the plaintiff with interrogatories and requests for admissions on March 23, 1994. The plaintiff did not respond, and the defendants moved to dismiss the plaintiff's complaint for his failure to respond or to otherwise prosecute his case. In his motion to set aside and vacate this judgment, the plaintiff acknowledges that he received the defendants' interrogatories and requests for admissions and contends that he did not answer them because he was unable to understand them. However, the plaintiff did not make this inability known to this court. Moreover, the plaintiff made no attempt to ask for this court's advice or assistance; made no request for additional time; and made no attempt to respond to even those parts of the discovery requests that he might have understood. Instead, the plaintiff remained silent, thereby leaving this court uninformed of any trouble he might be having.

On May 6, 1994, the defendants moved to dismiss the plaintiff's complaint or, alternatively, for summary judgment due to the plaintiff's failure to respond to discovery requests or otherwise to prosecute his case. The plaintiff does not deny that he received this motion, nor does he explain his failure to respond to this motion or to request additional time in order to do so.

On July 18, 1994, this court directed the plaintiff to show cause why this case should not be dismissed for his failure to respond to the defendants' requests for admissions; to respond to the defendants' motion to dismiss or for summary judgment; and to respond to other discovery submitted to plaintiff by the defendants. The plaintiff was informed that failure to respond to the show cause order by July 25, 1994, would result in dismissal of his complaint. The show cause order was mailed to the plaintiff's last known address at the Simpson County Jail, but was returned undelivered on July 22, 1994.

■ Once this order was returned to the Clerk of the Court undelivered, this court undertook an analysis of the circumstances of the instant case in order to determine whether dismissal with prejudice would be justified. This court considered the factual assertions in the plaintiff's complaint. The plaintiff contended that he was suffering with persistent pain in his left hand; that he believed the pain was caused by a tumor; that a physician examined the plaintiff; and that the physician recommended pain medication. According to the plaintiff, the physician recommended a visit to the University

Medical Center, but arrangements for this medical visit were not made. Plaintiff also contended that he was not given his medication on demand. Thus, inasmuch as the plaintiff was a prisoner proceeding *pro se* and the allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and *Hernandez v. Maxwell,* 905 F.2d 94 (5th Cir.1990), this court concluded that the plaintiff adequately had stated a cause of action, notwithstanding that the plaintiff's factual assertions also supported the contention that the plaintiff's medical needs had been attended to and that the physician's assessment simply did not agree with the plaintiff's own diagnosis of his medical condition. An assertion of incorrect diagnosis or treatment is not sufficient to establish a genuine issue of material fact with regard to a constitutional claim under 42 U.S.C. § 1983. *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.1985).

Next, this court reviewed the defendants' motion to dismiss or for summary judgment. The defendants contended that the plaintiff had not responded to their requests for admissions and that said requests for admissions should be deemed admitted pursuant to Rule 36 [1] of the Federal Rules of Civil Procedure. This court reviewed the request for admissions and concluded that if they were deemed admitted, then the defendants' discovery would conclusively establish that the defendants engaged in no "deliberate indifference" to the plaintiff's serious medical needs. Hence, there would be no basis for the plaintiff's claim of constitutional deprivation. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Johnson v.*

*Treen,* 759 F.2d at 1238 (a finding of deliberate indifference must rest on the finding of wanton, reckless acts and/or conscious failure to prevent injury after discovery of peril).

 This court noted that a copy of defendants' motion to dismiss or for summary judgment was served on the plaintiff by mail on May 5, 1994. This document was not returned undelivered, and the plaintiff was presumed to have a copy of this motion in his possession. The plaintiff has never denied that he received a copy of this motion. Therefore, when this court directed the plaintiff to respond to the defendants' dispositive motion by its order dated July 18, 1994, and said order was returned undelivered on July 22, 1994, this court concluded that the plaintiff had moved and had failed to keep this court informed of his whereabouts. The case was dismissed in accordance with Rule 41(b) [2] of the Federal Rules of Civil Procedure. *Link v. Wabash Railroad Company,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *McNeal v. Papasan,* 842 F.2d 787, 789–90 (5th Cir.1988).

 On August 2, 1994, shortly after this court dismissed the plaintiff's complaint pursuant to Rule 41(b), the plaintiff sent a letter to this court stating that he had not received this court's order dated July 18, 1994, because the plaintiff was not in the Simpson County Jail at the time the order arrived. According to the plaintiff's motion to set aside and vacate judgment, the plaintiff was sent temporarily to the Rankin County Correction Facility for administrative processing and returned to the Simpson County Jail on July 27, 1994. Of course, the plaintiff did not contend in his letter and he does not now contend that he had never received the de-

---

1. Rule 36(a) provides in pertinent part that:

 ... [e]ach matter of which an admission is requested shall be separately set forth. *The matter is admitted unless,* within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection...." Rule 36(b) states that "[a]ny matter admitted under this rule is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission."

2. Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

 For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or any claim against the defendant. The power to dismiss does not depend on the existence of a motion urging the sanction. The district court may, under Rule 41(b), decide *sua sponte* that dismissal is appropriate, and its decision must be upheld unless there is abuse of discretion. *McNeal v. Papasan,* 842 F.2d at 789–90.

fendants' motion to dismiss or for summary judgment shortly after May 5, 1994. In his August, 1994 letter, the plaintiff gave no reason why he had failed to respond to the defendant's motion, or the defendants' request for admissions, or other discovery requests. Now, one year later, the plaintiff says that he failed to respond because he did not understand the discovery requests. Certainly, the plaintiff must have been aware of his inability to understand the discovery requests at the time they initially were served. Nevertheless, the plaintiff remained silent and made no attempt contemporaneously to inform this court of his inability to understand the defendants' discovery requests.

On February 17, 1995, the plaintiff mailed to this court a second letter stating that he had been transferred to the Mississippi Department of Corrections between July 6, 1994, and July 27, 1994, the time when this court's July 18, 1994, show cause order arrived at the Simpson County Jail. Like his first letter of August, 1994, this letter failed to explain why the plaintiff chose to ignore the defendants' discovery requests submitted to the plaintiff long before July 6, 1994. Moreover, the letter said nothing to account for the plaintiff's failure to respond in any manner whatsoever to the defendants' motion to dismiss or for summary judgment between the middle of May and the first of July, 1994. During this period of time, the plaintiff had ample opportunity to respond to the defendant's motion and/or to seek an extension of time from this court in order to respond.

Now, this court is confronted with the plaintiff's motion to set aside and vacate judgment pursuant to Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure. In this motion, the plaintiff asserts little that is new and once again fails to explain why he did not seek additional time to respond to the defendants' discovery requests and motions.

The purpose of Rule 60(b) of the Federal Rules of Civil Procedure is to delineate the circumstances under which relief may be ob-

tained from the operation of final judgments, whether they are entered by default, see Rule 55(c) of the Federal Rules of Civil Procedure,[3] or otherwise. Rule 60(b) strikes a delicate balance between two countervailing impulses, finality of judgments, and the conscience of the court to do justice in light of all the facts. It is a "grand reservoir of equitable power to do justice in a particular case." *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981); *Menier v. United States*, 405 F.2d 245, 248 (5th Cir.1968). To guide the district court's consideration of a Rule 60(b) motion, the Fifth Circuit in *Seven Elves* prescribed eight factors:

(1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether—if the judgment was rendered after trial on the merits—the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relative to the justice of the judgment under attack.

*Seven Elves v. Eskenazi*, at page 402; *Federal Deposit Insurance Corporation v. Castle*, 781 F.2d 1101, 1104 (5th Cir.1986).

The plaintiff's motion comes before this court nearly one year after the plaintiff's complaint was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. This court is not inclined to disturb its previous findings under the circumstances of the instant case. The plaintiff failed to respond to discovery, to requests for admis-

**3.** Rule 55(c) of the Federal Rules of Civil Procedure provides:

For good cause shown the court may set aside an entry of default and, if a judgment by

default has been entered, may likewise set it aside in accordance with Rule 60(b).

sions,[4] and to a dispositive motion, all with no attempt to seek additional time or to inform this court of his alleged difficulties. Even before this matter was dismissed, this court found great difficulty with the merits of the plaintiff's claims, notwithstanding this court's conclusion that the *pro se* complaint managed on its face to state a cause of action. So, even though this matter was dismissed pursuant to Rule 41(b), this court gave due consideration to the merits of the plaintiff's claims.

This court is mindful of no intervening equities which would justify abandonment of its order of dismissal. The Fifth Circuit has denied relief under Rule 60(b) in circumstances where the movant failed to respond to a motion for summary judgment, *Smith v. Alumax Extrusions, Inc.,* 868 F.2d 1469 (5th Cir.1989); where the movant has failed to seek an enlargement of time, *Federal Savings and Loan Insurance Corporation v. Kroenke,* 858 F.2d 1067 (5th Cir.1988); and where the movant failed to make an adequate showing of reasons in support of the claim of excusable neglect, *Dolphin Plumbing Company of Florida, Inc. v. The Financial Corporation of North America,* 508 F.2d 1326 (5th Cir.1975).

Therefore, once again having considered this matter and finding no other factors which would support withdrawing this court's previous order of dismissal, this court shall adhere to its previous ruling. The plaintiff's complaint in the above styled and numbered cause shall remain dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---

4. Generally, requests for admissions which are not answered within 30 days are deemed admitted. *Dukes v. South Carolina Insurance Co.,* 770 F.2d 545 (5th Cir.1985). Moreover, failure to respond to requests for admission can lead to a grant of summary judgment where the essential issue is deemed admitted by the non-responding party. *Id.*