**JEFFERSON COUNTY SCHOOL DISTRICT Plaintiff**

v.

**LEAD INDUSTRIES ASSOCIATION, INC., et al. Defendants**

No. CIV.A. 5:01–CV–211BN.

United States District Court,
S.D. Mississippi,
Western Division.

March 6, 2002.
Order Denying Reconsideration
May 17, 2002.

Myron Lamar Arrington, Jr., Jeffrey A. Varas, Varas & Morgan, Hazlehurst, MS, George M. Fleming, Robert R. Herring, Anita F. Kawaja, Sylvia R. Davidow, Russell T. Abney, J. Ken Johnson, Fleming & Associates, Ralph D. McBride, Ronald Scott, Patricia G. Chapman, Bracewell & Patterson, Houston, TX, Robert K. Morgan, Varas & Morgan, Madison, WI, for Plaintiff.

Raymond L. Brown, Brown, Buchanan & Sessoms, PA, Pascagoula, MS, Patrick R. Buchanan, Brown, Buchanan & Sessoms, Biloxi, Reuben V. Anderson, Phelps Dunbar, Jackson, Philip H. Curtis, Bruce Robinson Kelly, Arnold & Porter, New York City, John H. Whitfield, Phelps Dunbar, LLP, Gulfport, MS, William H. King, Jr., Scott B. Murray, Steven R. Williams, J. Tracy Walker, IV, McGuire, Woods, Battle & Boothe, Richmond, VA, Terrence Kent Knister, Paul E. Harrison, Sarah E. Iiams, Deborah D. Kuchler, Amy L. Maccherone, Abbott, Simses, Knister & Kuchler, New Orleans, LA, William N. Reed, Baker, Donelson, Bearman & Caldwell, Jackson, MS, Lawrence E. Abbott, Abbott, Simses & Kuchler, Covington, LA, Darren Milton Guillot, Abbott, Simses & Kuchler, New Orleans, LA, James E. Upshaw, Finisse Ewin Henson, III, Upshaw, Williams, Biggers, Beckham & Riddick, Greenwood, MS, Mark C. Carroll, William H. Gillon, IV, Upshaw, Williams, Biggers, Beckham & Riddick, Jackson, Donald M. Lewis, Michael T. Nilan, Amanda Cialkowski, Halleland, Lewis, Nilan, Sipkins & Johnson, Minneapolis, MN, Michael D. Jones, Antony B. Klapper, Timothy S. Hardy, Kirkland & Ellis, Washington, DC, Donald E. Scott, Bartlit, Beck, Herman, Palenchar & Scott, Denver, CO, John G. Corlew, Virginia T. Munford, Katherine K. Smith, Watkins & Eager, Jackson, MS, Joseph Michael David, Jr., Jones, Day, Reavis & Pogue, Washington, DC, Charles H. Moellenberg, Jr., Paul Michael Pohl, Jones, Day, Reavis & Pogue, Pittsburgh, PA, Fred Krutz, III, Thomas W. Tardy, III, Roland M. Slover, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, William N. Graham, Aultman, Tyner, Ruffin & Yarborough, Ltd, Hattiesburg, MS, Luke Dove, Dove & Chill, Jackson, MS, Thomas H. Cassel, III, Rimmer, Rawlings, Macinnis & Hedglin, P.A., Madison, MS, Stephen W. Rimmer, Watkins Ludlam Winter &

Stennis, P.A., Jackson, MS, J. Tucker Mitchell, Copeland, Cook, Taylor & Bush, Ridgeland, MI, Lucien C. Gwin, III, Gwin, Lewis & Punches, Natchez, MS, J. Price Coleman, Bradley W. Smith, Baker, Donelson, Bearman & Caldwell, Jackson, MS, William Lee Guice, III, Rushing & Guice, Biloxi, MS, Spencer J. Flatgard, Baker, Donelson, Bearman & Caldwell, Jackson, MS, Lee Davis Thames, Jr., Varner, Parker & Sessums, Vicksburg, MS, Richard W. Mark, Daniel J. Thomasch, Carol E. Dixon, Orrick, Herrington & Sutcliffe, LLP, New York City, for Defendants.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motions of Plaintiff to Remand and to Supplement Motion to Remand. Having considered the Motions, Responses, Rebuttal, Sur-rebuttal, attachments to each, and supporting and opposing authorities, the Court finds that the Motion of Plaintiff to Supplement is well taken and should be granted, but the Motion to Remand is not well taken and should be denied.

### I. Background and Procedural History

The Jefferson County School District maintains a number of school buildings including elementary and middle schools that were built in 1956, a high school that was built in 1957 and expanded in 1990, and a vocational-technical school that was built in 1969. On April 6, 2000, Plaintiff Jefferson County School District filed suit in the Circuit Court of Jefferson County, Mississippi, alleging that Defendants pro-

duced, manufactured, distributed, marketed and sold lead-based paint and/or certain components of lead-based paint as fit for use as a paint on or in schools and other structures owned by Plaintiff and that Defendants knew that their products were not fit for such a use. Plaintiff asserted causes of action for, among other things, strict liability, restitution, negligence, fraudulent and negligent misrepresentation, conspiracy and public nuisance.

On July 5, 2001, Defendants American Cyanamid Co. (a Maine corporation with its principal place of business in New Jersey), E.I. DuPont De Nemours & Co. (a Delaware corporation with its principal place of business in Delaware), The Glidden Company (a Delaware corporation with its principal place of business in Ohio), SCM Chemicals (a Delaware corporation with its principal place of business in New York), NL Industries (a New Jersey corporation with its principal place of business in Texas), and Sherwin Williams Company (an Ohio corporation with its principal place of business in Ohio) (collectively "Manufacturer Defendants") removed the case on ground that 28 Mississippi defendants, including Feltus Brothers, a Mississippi corporation with its principal place of business in Natchez, Mississippi, and Claiborne Hardware, a Mississippi corporation with its principal place of business in Port Gibson, Mississippi, (collectively "Local Retailers") were fraudulently joined to defeat diversity jurisdiction.[1] Plaintiff filed the

---

**1.** Also joined as defendants were the following: Devoe & Company Inc., a certified public accounting firm; Seabrook Corporation, a trailer park; Tyson Lumber Co., a company that either does not exist or was incorrectly named, and; a number of defendants that never sold or distributed paint products of any kind including Concordia Contracting Company Inc., Hirsch's Store, Hudson's In-

corporated, Salvage & Liquidation Inc., Mid South Lumber Inc., and Vicksburg Materials. Of these Defendants, Vicksburg Materials, Inc., and Hirsch's Store are no longer in business. Defendants Darsey Hardware, Farmer's Gin & Supply Co., Hootsell Lumber & Supply Co., and Lane Hardware are also no longer in business.

instant Motion to Remand on August 9, 2001.

## II. Legal Standard

 Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin*, 882 F.2d at 190; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990), *cert. denied* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish fraudulent joinder, the removing party must prove: (1) that there was actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999) (citations omitted); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995); *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995).

 When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *See e.g. Cavallini*,

44 F.3d at 256. *See also LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992) (holding that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment.... A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties."). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir.2000). *See also Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000) (finding that the "mere theoretical possibility of recovery under local law" does not preclude removal. Plaintiffs must show that there exists "a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder."). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that that defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392–93 (5th Cir.2000); *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D.Miss. 2001) (J. Bramlette) (holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim."). Therefore, when responding to a charge of fraudulent joinder, a plaintiff must allege specific acts of wrongdoing on the part of the non-diverse defendant in the complaint and submit evidence to support those claims. *See Badon*, 224 F.3d at 390 (holding that removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for pre-

dicting that the plaintiff might establish liability on that claim against the instate defendant.").

■ When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *see Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992), but *"only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon,* 224 F.3d at 394. A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)) (alteration in original). In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan,* 989 F.2d at 816.

## III. Analysis

■ As a preliminary matter, the Court considers the Motion of Plaintiff to Supplement the Motion to Remand. Rule 15(d) of the Federal Rules of Civil Procedure provides in pertinent part that "the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." With its Motion to Supplement, Plaintiff does not bring to the attention of the Court transactions, occurrences or events that happened since the date on which the Motion to Remand was filed, but

rather seeks to add to its Motion to Remand an "additional and independent ground for remanding [their] case." As the Manufacturer Defendants do not seriously oppose the supplementation, but instead argue the merits of the legal theory presented in the Motion to Supplement, *see* Response to Motion to Supplement, p. 3, n. 3 (stating "Court should not permit Plaintiff to update [its Motion to Remand]. Nevertheless, for the reasons explained below, this newly conceived legal theory is meritless"), the Court finds that the Motion of Plaintiff to Supplement is well taken and should be granted.

■ In its Supplement to the Motion to Remand, Plaintiff argues that it, as a political subdivision of the State of Mississippi, is not a citizen of Mississippi for diversity jurisdiction purposes. The Court does not agree. This Court has previously held that, for diversity purposes, a Mississippi school district is a citizen of Mississippi. *See Turrentine v. Brookhaven, Mississippi, Sch. Dist.,* 794 F.Supp. 620, 622 (S.D.Miss.1992). Moreover, the United States Court of Appeals for the Fifth Circuit has long held that school districts are state citizens. *See, e.g., Parks v. Carriere Consol. Sch. Dist.,* 12 F.2d 37, 38 (5th Cir.1926) (holding that legislation "that is sufficient to empower a school district to [contract and] sue in its own name makes of it a legal entity, and a citizen within the meaning of the Removal Act" and that a "school district is but a political subdivision of the state, [but] this ... does not prevent [it] from being considered [a] citizen[ ] of the state ... for removal purposes"). *See also, Henry v. Clarksdale Mun. Separate Sch. Dist.,* 579 F.2d 916 (5th Cir.1978); *Adams v. Rankin County Bd. of Educ.,* 524 F.2d 928 (5th Cir.1975).

Application of the factors for determining whether an agency is an alter ego of the state (and thus not a citizen of the state for diversity purposes) or an inde-

pendent agency (and thus a citizen) set forth in *Tradigrain, Inc. v. Mississippi State Port Auth.*, 701 F.2d 1131, 1132–33 (5th Cir.1983), further supports the finding of the Court that, for diversity purposes, Plaintiff is a citizen of Mississippi.[2] Plaintiff may contract in its own name, may sue in its own name, may own and lease property, is primarily concerned with local as opposed to statewide problems, and the State of Mississippi has sued school districts in state court in the past. *See, e.g., Educational Finance Comm. of the State of Mississippi v. Jackson County Sch. Dist.*, 415 So.2d 680, 686 (Miss.1982); *Coleman, State By, v. Cameron*, 223 Miss. 50, 77 So.2d 716 (1955). These factors, especially the last, weigh heavily in favor of finding that the school district is not an alter ego of the state. The Court therefore finds that Plaintiff Jefferson County School District is a citizen of the State of Mississippi. Accordingly, the Court finds that the Motion to Remand on the ground that Plaintiff is not a citizen of Mississippi for jurisdictional purposes under 28 U.S.C. § 1332 is not well taken and should be denied.

■ Plaintiff also argues that its case should be remanded because it has stated viable causes of action against the Local Retailers. The Court must therefore determine whether there is arguably a reasonable basis for predicting that Plaintiffs may prevail on the merits against the Local Retailers. If so, the Defendants have failed to demonstrate fraudulent joinder and the case must be remanded to state court.

It is undisputed that lead-based paint was detected in a number of areas of the Jefferson County Elementary School, Jefferson County Middle School, Jefferson County High School, and Jefferson County Vo–Tech Center.[3] *See* Rebuttal Memorandum, Exhibits "1" and "2." Disputed is whether any of the detected lead-based paint was sold to Plaintiff by the Local Retailers. Plaintiff, through John E. Dickey, Superintendent of Education of Jefferson County School District and designated 30(b)(6) witness, testified that it did not know where it purchased paint and that the Local Retailers were named as Defendants in this action based on their proximity to the schools. *See, e.g.,* Response, Exhibit "1," 113. Plaintiff argues, however, that it painted the subject school buildings with paint that could have been sold to it by Local Retailers, at a time

---

**2.** The court set forth the following factors to guide courts in determining whether an agency is a citizen of a state, or merely an alter ego of a state:

whether the agency has been granted the right to hold and use property, whether it has the express authority to sue and be sued in its corporate name, the extent of its independent management authority, and 'a factor that subsumes all others,' the treatment of the agency by the state courts....[that is, whether] the state has sued the agency in its own courts.... Other relevant factors might include: (1) whether the state is responsible for the agency's debt; (2) whether the agency is primarily concerned with local, as opposed to statewide problems; and (3) the degree of general financial autonomy of the agency.

*Tradigrain,* 701 F.2d at 1132 (citations omitted).

**3.** The parties dispute the applicable standard for the detection of lead, that is, whether the Occupational Safety Health Administration ("OSHA") standard of any level of lead greater than 0.0 mg/cm$^2$, 29 C.F.R. § 1926.62, is applicable as the Plaintiff urges, or the Environmental Protection Agency definition of "lead-based paint" which requires a finding of lead equal to or greater than 1.0 mg/cm$^2$ is applicable as the Manufacturer Defendants urge. The Court notes, however, that even under the more stringent test argued for by Defendants and contained at 40 C.F.R. § 745.223, lead-based paint was detected at each of the tested locations. *See* Rebuttal Memorandum, Exhibit "2."

when paint could have contained lead, therefore Plaintiff speculates that it could have purchased lead-based paint from Local Retailers. *See* Memorandum in Support of Remand.

In support of its argument, Plaintiff offers the following evidence: (1) school district claims docket pages showing purchases from certain Local Retailers, including Feltus Brothers and Sherwin–Williams, which sold paint during the relevant time period, *see* Rebuttal Memorandum, Exhibit "7," (2) deposition testimony of Delane S. Feltus ("Feltus") of Feltus Brothers in which Feltus stated that Feltus Brothers, a distributor of Glidden brand paint, may have sold paint to Plaintiff during the relevant time period, but that he had no knowledge of such a sale and no knowledge as to whether any paint ever sold by Feltus Brothers contained lead, *see id.,* Exhibit "4," (3) deposition testimony of W. Shreve Guthrie, III ("Guthrie"), of Claiborne Hardware, a distributor of Sherwin–Williams brand and Ace Hardware brand paint, in which Guthrie stated that Claiborne Hardware may have sold paint to Plaintiff during the relevant time period, but that he had no knowledge of such a sale and no knowledge as to whether any paint ever sold by Claiborne Hardware contained lead, *see id.,* Exhibit "5," and (4) an affidavit from Peter Reich ("Reich"), an Assistant Professor of Environmental Health at Boston University, in which Reich averred that references to the sale of, or purchase of "paint" between 1930 and 1978 could likely mean lead-based paint.

The Manufacturer Defendants argue that Plaintiff has presented no evidence that any Local Retailer supplied any lead-based paint to the school. They argue that, of the five Local Retailers shown by the claims docket to have done business with Plaintiff, only one of the claims docket pages shows a purchase of paint (without reference to lead content). *See* Response. That purchase was made in 1960 from S. Hirsch & Company ("Hirsch") and was described by Plaintiff as "paint for marking 16th section school land."[4] *See id.*

Manufacturer Defendants also argue that the lead detected at the subject school buildings was not contained in paint sold to or applied by Plaintiff, but was contained in the metal itself or in the factory-coated primer. *See* Memorandum in Opposition to Remand, Exhibit "36." Manufacturer Defendants argue that Plaintiff has not presented any evidence that a Local Retailer supplied Plaintiff with metal components used in construction of the subject school buildings, or sold primer used on the metal components. For these reasons, Manufacturer Defendants argue that Plaintiff cannot succeed on any of its claims against Local Retailers.

The Court first notes that in response to the interrogatory of Defendants asking for identification of the seller or supplier of all steel that was primed or painted prior to its use in the construction of the subject school buildings, Plaintiff answered that it purchased steel from Natchez Steel & Pipe Company. *See* Response, Exhibit "7," Interrogatory 11. However, Natchez Steel & Pipe Company has not been served by Plaintiff and is therefore not a party to this action.

---

4. The assets of S. Hirsch & Company were sold in 1962 and the corporation presumably dissolved. *See* Response, Exhibit "13." The paint products of S. Hirsch & Company were purchased by Sidney Darsey for Darsey Hardware in January, 1962. *See id.* Darsey Hardware closed in 1992. *See id.* The hardware products of S. Hirsch & Company were purchased by William S. Darsey, Sr., for Hirsch Store, Inc., which never sold paint or paint products. Defendant "Hirsch's Store" was served with process on June 11, 2001.

The Court next notes that each of the claims of Plaintiff—strict liability, restitution, negligence, fraudulent and negligent misrepresentation, conspiracy and public nuisance—is predicated upon a sale of lead-based paint. Without evidence of such a sale by a Local Retailer, the Court cannot find that there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. The only evidence Plaintiff has submitted regarding the lead content of the paint it allegedly purchased from Local Retailers is the affidavit of Reich in which he averred, "[I]t can be logically inferred that any reference to, or purchase or sale of, 'paint' from the 19[30]'s until 1978, when the federal government banned lead-based paint, could very likely mean lead-based paint." *See* Rebuttal, Exhibit "6." Plaintiff has presented evidence that it purchased paint locally on only one occasion in 1960 from Hirsch, a business that closed in 1962, selling its paint assets to Darsey Hardware which closed in 1992. Further, as to that purchase, the claims docket shows that that paint was "for marking 16th section school land," and not for use in the school buildings. The Court finds that there is no real possibility that there are any assets of Hirsch from which Plaintiff can recover. The Court further finds that, as Plaintiff has presented no evidence that it purchased lead-based paint from any other Local Retailer, Manufacturer Defendants have satisfied their burden of showing that Plaintiff cannot prevail on its claims against them. Accordingly, the Court finds that Local Retailers were fraudulently joined as defendants in this action.

As all of the non-diverse Defendants in this case were fraudulently joined, their citizenship will not be considered for the purpose of diversity of citizenship jurisdiction analysis under 28 U.S.C. § 1332. Therefore, as the statutory requisites for diversity of citizenship jurisdiction are satisfied, the Court finds that it has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. The Motion of Plaintiff to Remand is therefore denied.

## IV. Conclusion

IT IS THEREFORE ORDERED the Motion of Plaintiff to Supplement [71–1] is hereby granted.

IT IS FURTHER ORDERED that the Motion of Plaintiff to Remand [41–1] is hereby denied.

## *OPINION AND ORDER*

Before the Court are the Motions of Plaintiff for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and for Amendment of the Court's Opinion and Order of March 6, 2002, so that Plaintiff may seek interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Having considered the Motions, Responses, attachments to each, and supporting and opposing authority, the Court finds that the Motions of Plaintiff are not well taken and should be denied.

## I. Background and Procedural History

On April 6, 2000, Plaintiff filed suit in the Circuit Court of Jefferson County, Mississippi, alleging that Defendants, including numerous non-diverse "local retailers" that sold, produced, manufactured, marketed and sold lead-based paint and/or certain components of lead-based paint as fit for use as a paint on or in schools and other structures owned by Plaintiff and that Defendants knew that their products were not fit for such use. Plaintiff asserted causes of action for, among other things, strict liability, restitution, negligence, fraudulent and negligent misrepresentation, conspiracy, and public nuisance. The action was timely removed to this Court by Defendants pursuant to 28 U.S.C. § 1446(a), on ground that the non-diverse defendants had been fraudulently

joined and that the Court therefore had subject matter jurisdiction over the case under 28 U.S.C. § 1332(a). On motion of the Plaintiff to remand, the Court issued an Opinion and Order on March 6, 2002, in which the Court found that the non-diverse defendants ("Local Retailers") had been fraudulently joined and denied remand. On April 8, 2002, Plaintiff filed the instant Motion, which Plaintiff amended on April 11, 2002, and which the Court here considers.

## II. Analysis

As a preliminary matter, the Court notes that Defendant Lead Industries Association, Inc. ("Lead Industries"), filed a Suggestion of Bankruptcy on April 5, 2002. Therefore, pursuant to section 362 of the United States Bankruptcy Code, all proceedings, including the instant action, were automatically stayed as to Lead Industries on March 29, 2002, the date on which Lead Industries filed its Chapter 7 Petition for bankruptcy.[1] *See* 11 U.S.C. § 362(a)(1) (providing that, upon the filing of a petition in bankruptcy any judicial "proceeding against the debtor" is automatically stayed). The purposes of the automatic stay are to "protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. Leigh*, 768 F.2d 711, 715 (5th Cir.1985) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir.1983)). However, the United States Court of Appeals for the Fifth Circuit has held that "the automatic stay does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding" and that the Court "retain[s] jurisdiction to determine the applicability of the stay to litigation pending before [it], and to enter orders not inconsistent with the terms of the stay." *See Arnold v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002) (citing *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990)). As the instant Motions for Relief from Judgment and for Interlocutory Appeal are not well taken and will be denied, the Court finds that the Opinion and Order entered this day will not affect the assets of Defendant Lead Industries or otherwise interfere with the protections afforded it by section 362, and is therefore not inconsistent with the terms of the automatic stay. Accordingly, the Court finds that it has jurisdiction to consider and rule upon the instant motions of Plaintiff.[2]

With its Motion for "Reconsideration," Plaintiff urges the Court to vacate its Opinion and Order of March 6, 2002, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, on grounds that: (1) in denying the Motion of Plaintiff to Remand, the Court erred by focusing on the merits of the case and applying an incorrect standard to determine fraudulent joinder, (2) the Court overlooked significant and substantial evidence supporting remand, and (3) new evidence submitted by Plaintiff mandates reconsideration and remand of the case. Thus, Plaintiff seeks relief pursuant to subsections 60(b)(2) & (6), which provide in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ...

---

**1.** The petition for bankruptcy filed by Defendant Lead Industries also serves as an independent ground upon which this Court may exercise subject matter jurisdiction. *See* 28 U.S.C. § 1334(b) (providing that a federal court has original, but not exclusive jurisdiction over "civil proceedings ... related to a case under title 11"). *See also Allen v. City Fin. Co.*, 224 B.R. 347, 351 (S.D.Miss.1998) (citations omitted).

**2.** The bankruptcy of Defendant Lead Industries also serves as an independent ground upon which this Court may exercise subject matter jurisdiction. *See* 28 U.S.C. § 1334(b).

from a final judgment, order, or proceeding for the following reasons: (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). A district court considers the following factors when addressing motion brought pursuant to Rule 60(b):

(1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default ... (6) whether—if the judgment was rendered after trial on the merits—the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relative to the justice of the judgment under attack.

*Stewart v. Jones*, 946 F.Supp. 466, 469 (S.D.Miss.1996) (citing *Seven Elves v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981)).

 In its Order and Opinion of March 6, 2002, the Court framed the issue before the Court as "[w]hether there is arguably a reasonable basis for predicting that Plaintiff[ ] *may prevail on the merits* against Local Retailers." Order and Opinion of March 6, 2002, at 9 (emphasis added). The Court went on to state that, if there was a reasonable basis for so predicting, "the Defendants have failed to demonstrate fraudulent joinder and the case must be remanded to state court." *See id.* The Court ultimately found that, as each of the claims of Plaintiff was predicated upon a sale of lead-based paint and

as Plaintiff had presented no evidence that it had ever purchased lead-based paint from the local retail Defendants, "Defendants had satisfied their burden of showing that Plaintiff cannot prevail on its claims against them." Based on these statements of the Court, Plaintiff argues that the Court applied an incorrect standard to determine fraudulent joinder and seeks relief from the Order of March 6, 2002, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure and remand the case to state court from whence it was removed.

 The Court first notes that the Plaintiff is correct in its contention that, in determining whether non-diverse defendants were fraudulently joined, a district court "do[es] not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted). Rather, a district court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, must determine whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993). If so, the court must find that the non-diverse defendant was not fraudulently joined and that there is no basis for asserting diversity of citizenship jurisdiction. *See id.* This holding of the United States Court of Appeals for the Fifth Circuit in *Jernigan* was quoted by the Court in its Opinion and Order of March 6, 2002, and was the standard applied by the Court in its determination that the Local Retailers had been fraudulently joined. That the Court inartfully used the term "prevail" in its statement of the central issue in the case does not mean, as Plaintiff contends with the

instant Motion, that the Court "conduct[ed] a full evidentiary hearing on questions of fact." To the contrary, the Court found that, as Plaintiff had presented no evidence with regard to whether it had purchased lead-based paint from any of the Local Retailers named as Defendants in the case, that there was no factual dispute to resolve in favor of Plaintiffs. Based on this finding, and having stated that "[w]ithout evidence of ... a sale [of lead-based paint to Plaintiff] by a Local Retailer, the Court c[ould not] find that there [was] arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," *see* Opinion and Order of March 3, 2002, at 14, the Court found, again inartfully using the term "prevail," that Defendants had satisfied their burden of proving fraudulent joinder. That is, there was no possibility that Plaintiff could recover on its claims against the Local Retailers. Therefore, the Court finds that, in spite of its use of the word "prevail," it did not err in either its interpretation of the law with regard to fraudulent joinder, or in its application of the law to the facts of the case *sub judice*. Accordingly, the Court finds that the Motion of Plaintiff for Relief from Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure on ground that the Court applied an incorrect standard to determine fraudulent joinder, is not well taken and should be denied.

 Plaintiff also seeks relief from the Opinion and Order of March 6, 2002, pursuant to subsection 60(b)(2). "To succeed on a motion brought under 60(b)(2) based on newly discovered evidence, the movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Government Fin. Servs. v. Peyton Place*, 62 F.3d 767, 771 (5th Cir.1995) (quoting *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200–01 (5th Cir.1993)). The "newly discovered evidence" submitted by Plaintiff includes: (1) newspaper advertisements by Local Retailer Feltus Brothers, which were placed in the Natchez Democrat on April 17, 1952, and March 21, 1958, and which tout new and improved formulas of Glidden and Climatic house paint; (2) answers submitted by The Glidden Co., in response to interrogatories propounded in a Texas case brought by the Spring Branch Independent School District; (3) an affidavit by Peter Reich, an expert witness of Plaintiff whose opinion the Court considered in its Opinion and Order of March 6, 2002; and, (4) two opinions and orders of the United States District Court for the Southern District of Mississippi, Western Division, issued by Judge David Bramlette, in which the court, upon reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure, found remand to be proper based on its determinations that the court had overlooked evidence tending to show that the non-diverse defendants were not fraudulently joined. The Court finds that, as Plaintiff does not argue, or in any way attempt to demonstrate, that it exercised due diligence in obtaining the newspaper advertisements, answers of The Glidden Co., and affidavit of Peter Reich, this evidence submitted by Plaintiff and on which the instant Motion is based is not "newly discovered evidence" and will therefore not be considered. The Court further finds that, even if the subject advertisements, answers and affidavit constituted "new evidence" for the purposes of a motion brought pursuant to Rule 60(b)(2), Plaintiff has not shown that this evidence is either controlling or would have clearly produced a different result if presented in conjunction with the Motion to Remand. *See Peyton Place*, 62 F.3d at 771.

As for the opinions and orders of Judge Bramlette submitted by Plaintiff for the Court's consideration, the Court finds them to be distinguishable factually from the case *sub judice*. With each of the opinions and orders, Judge Bramlette found that, based on evidence that lead-based paint had been sold to a plaintiff or a plaintiff's agent by a non-diverse defendant, the case should be remanded for lack of subject matter jurisdiction. Plaintiff in the case *sub judice* did not produce *any* evidence—affidavit, deposition or otherwise—that it had ever bought lead-based paint from a Local Retailer for use on or in a school or other structure owned by Plaintiff. As each of the claims asserted by Plaintiff against Local Retailers was predicated on a sale of lead-based paint, the allegations of Plaintiffs amount to pure speculation, and as such, do not state a claim. *See Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D.Miss. 2001) (Bramlette, J.) (holding that allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim"). Accordingly, the Court finds that the Motion of Plaintiff for Relief from Judgment pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure is not well taken and should be denied.

 Plaintiff also urges the Court amend its Opinion and Order of March 6, 2002, to include language so that it can seek an interlocutory appeal pursuant to section 1292, which provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The statute further provides that the court of appeals may permit an appeal of such an order. *Id.* Rule 5(a) of the Federal Rules of Appellate Procedure allows a district court to amend an order to meet the requirement that the order being appealed contain a statement certifying the appealability of the order. *See* Advisory Committee Notes to the 1967 and 1998 Amendments.

Plaintiff argues that an interlocutory appeal is warranted because the Court "applied a standard *different from other courts* and well-established law." *See* Memorandum of Plaintiff in Support of Motion. The Court does not agree. As previously stated, the Court found, albeit inartfully, that no arguably reasonable basis exists for predicting that the state law might impose liability. This is the standard to which the Court is bound by Fifth Circuit precedent to determine whether a defendant was fraudulently joined. *See Jernigan*, 989 F.2d 812, 815 (5th Cir.1993). Nor did the Court inappropriately shift the burden of proof to Plaintiff. The Fifth Circuit has held that the Court should "pierce the pleadings" and consider "summary judgment-type evidence" when considering whether a non-diverse defendant has been fraudulently joined to defeat diversity jurisdiction, *see LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992), and, "in the absence of any proof, [should not] assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392–93 (5th Cir.2000) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). The Court therefore finds that the Opinion and Order denying the Motion to Plaintiff to Remand does not involve "controlling question[s] of law as to which there is substantial ground

for difference of opinion...." 28 U.S.C. § 1292(b). Accordingly, the Court finds that the Motion of Plaintiff to Amend is not well taken and should be denied.

### III. Conclusion

IT IS THEREFORE ORDERED that, having previously found, and here reaffirmed, that the non-diverse parties named as Defendants in this case were fraudulently joined, the following Defendants are hereby dismissed with prejudice:

The Sherwin–Williams Company (MS);

Alexander Hardware Company, Inc.;

Benjamin Moore Paints;

Claiborne Hardware, Inc.;

Concordia Contracting Company, Inc.;

Darsey Hardware Co.;

Darsey Hardware & Furniture Company;

Devoe & Company, Inc.;

Farmers Gin & Supply Co., Inc.;

Feltus Brothers, Ltd.;

Frierson Building Supply Company;

Glidden Company (MS);

Hirsch's Store;

Hootsell Lumber & Supply Company, Inc.;

Hudson's Incorporated;

Hudson Salvage, Inc.;

Lane Hardware, Inc.;

Mac's Building Supply;

Mid South Lumber © (Street);

Mid South Lumber, Inc. (Constitution Avenue);

Mississippi Hardware Company;

Phillips Building Supply of Laurel, Inc. (Highway 15);

Phillips Building Supply of Laurel, Inc. (North Meridian);

Seabrook Corporation;

Seabrook Paint Co. of Mississippi;

Tyson Lumber Co., of Natchez; and

Vicksburg Materials, Inc.

IT IS FURTHER ORDERED that the following motions of Defendants are hereby denied as moot:

Motion of Defendant Mississippi Hardware Company to Dismiss [91–1];

Motion of Defendant Seabrook Paint Co. of Mississippi to Dismiss [92–1];

Motion of Defendant Hirsch's Store to Dismiss [109–1];

Motion of Defendant Hirsch's Store for More Definite Statement [109–2];

Motions of Defendant Lane Hardware, Inc., to Dismiss [111–1 & 123–1];

Motion of Defendant Claiborne Hardware to Dismiss [127–1]; and,

Motion of Defendant Phillips Building Supply of Laurel, Inc. (North Meridian) to Dismiss [131–1].

IT IS FURTHER ORDERED that all proceedings in this case are hereby stayed as to Defendant Lead Industries Association, Inc.

IT IS FURTHER ORDERED that all parties shall file by May 24, 2002, a memorandum as to whether this matter should proceed as to the other Defendants.

IT IS FURTHER ORDERED that the Motion of Plaintiff to Reconsider [128–1 & 129–1] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiff to Certify Order of March 6, 2002, for Interlocutory Appeal [128–2 & 129–2] is hereby denied.